■ QUEEN ESTHER HATCHER v. PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Peck, P. J., Breitel, Frank, Valente and Bergan, JJ. [See ante, p. 677.]

■ In the Matter of the Arbitration between JACOB RUPPERT et al., Respondents, and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, A. F. OF L.-C. I. O., BREWERY WORKERS LOCAL UNIONS 1, 8, 124, 1059 AND 323, Appellants.—Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Peck, P. J., Breitel, Botein, Rabin and Cox, JJ. [See ante, p. 670.]

■

### (October 30, 1956)

■ IGNATIUS J. WAHL et al., as Partners Doing Business under the Name of H. CASSEL & Co., Appellants, v. VICANA SUGAR COMPANY, also Known as COMPANIA AZUCARERA VICANA, Respondent.— Order affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Botein and Bergan, JJ.; Rabin and Valente, JJ., dissent and vote to reverse in the following memorandum: The provisions of the indenture agreement on the subject of jurisdiction are sufficiently ambiguous to warrant the application of the principle of strict construction against the maker, in this instance the defendant-respondent. In our view of this case, the defendant-respondent validly consented to the jurisdiction of the courts of New York over its person with respect to any claim — whether by a debenture holder or the trustee — concerning the debentures provided for in the agreement. Accordingly, the decision of Special Term should be reversed and the defendant's motion to set aside the service of the summons denied.

■ In the Matter of BERLUKE, INC., Appellant. HERMAN ROSEN et al., Doing Business as MARTIN FROCKS, Respondents.— Upon the record presented, the trial court should not have fixed a yearly rental below $6,879.89, which amount is determined on the basis of equal value for all loft space instead of the weighted or adjusted basis urged by the landlord but disregarded by the court. Accordingly, the order appealed from is unanimously reversed and a new trial ordered, unless the petitioning landlord stipulates to accept the fixation of a $6,879.89 yearly rent, in which case the rental is fixed at this amount and the increase limited to 15% above the rental payable at the time of the institution of the proceedings for a period of 12 months. Settle order on notice. Concur — Peck, P. J., Breitel, Cox, Frank and Bergan, JJ.